IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PONCE D. HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-230-WKW-GMB |
| ) | |
| HYUNDAI MOTOR ) | |
| MANUFACTURING ALABAMA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 3. Pending before the court is the Motion to Dismiss Amended Complaint filed by Defendant Hyundai Motor Manufacturing Alabama, LLC ("Hyundai"). Doc. 28. After careful consideration of the parties' filings and for the reasons stated herein, the Magistrate Judge RECOMMENDS that the motion (Doc. 28) be DENIED.

**I. BACKGROUND**

On April 4, 2016, Plaintiff Ponce D. Howard brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, alleging employment discrimination on the basis of race. Doc. 1. Howard amended his complaint on August 31,

2016.[1] Doc. 25.  Howard is a resident of Montgomery, Alabama, and was formerly employed by Hyundai in Montgomery. Docs. 1 & 25.  Taking the allegations of the complaint as true, on February 18, 2015, upon Howard's return to work following an illness, he was "verbally attacked" by Josh Durham, a white male coworker. Doc. 25 at 1.  Durham threatened that "you want (sic) have this good job after tonight because I am going to get you fired." Doc. 25 at 1.  Two coworkers, Chris and Jeff, who worked for Quality Control in a different department, witnessed this threat. Doc. 25 at 1.  Chris is a supervisor while Jeff is a team leader, and both are white. Doc 25 at 1.

Following this altercation, Durham, Chris, and Jeff conspired together to coordinate what they would report about the incident to Team Relations, which is apparently the division within Hyundai responsible for investigating employee complaints. Doc. 25 at 1.  However, there were other employees who witnessed the incident and "they also went to Team Relation (sic) to speak the truth as to what really happened that night and tried to get [Durham, Chris, and Jeff] to leave me alone." Doc. 25 at 1.  Upon arriving to work on February 20, 2015, Howard discovered that his employee badge was deactivated, and he was brought to security headquarters. Doc. 25 at 2.  There, he was met by representatives of the Team Relations division and Dennis, a white male manager from another shift. Doc. 25 at 2.  During the meeting, Howard was told that his employment had been terminated and he must leave the premises. Doc. 25 at 2.  Despite his participation in the same incident,

---

[1] Howard, who is proceeding *pro se*, referred to this filing as an "amended complaint." Doc. 25.  However, this submission is better characterized as an amendment to his original complaint in as much as it elaborates on the factual basis underlying his claim.  The court considers both pleadings to be operative.

Durham's employment continued. Doc. 25 at 2. Durham was later transferred to another department and was ultimately terminated for unspecified reasons. Doc. 25 at 2.

## II. STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, although the court must accept well-pleaded facts as true, the court is not required to accept a plaintiff's legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In evaluating the sufficiency of a complaint, the court must indulge reasonable inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.* However, the court "must consider the complaint in its entirety," in addition to "matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A complaint may be dismissed if the facts as pleaded do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining that "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 & 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim" standard). In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief

above the speculative level . . . ." *Id.* at 555 (internal citations omitted). "[U]nadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

In addition to the pleading requirements of *Twombly* and *Iqbal*, a plaintiff's *pro se* status must also be considered when evaluating the sufficiency of a complaint. "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, such leniency cannot serve as a substitute for establishing a cause of action. *See Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (recognizing that although courts must show leniency to *pro se* litigants, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action") (internal quotation marks omitted).

### III. DISCUSSION

Hyundai argues that Howard's complaint, as amended, "does not include factual allegations sufficient to satisfy the elements of a Title VII racial discrimination claim." Doc. 28 at 4. Specifically, Hyundai claims in its motion to dismiss that Howard has not established a *prima facie* case of disparate treatment under Title VII of the Civil Rights Act of 1964 because he failed to allege that he is a member of a protected class and that a similarly situated employee of a different race was treated differently. Doc. 28 at 4. The court disagrees and finds that Howard has stated—albeit inartfully—a plausible claim for employment discrimination pursuant to Title VII.

Title VII of the Civil Rights Act of 1964 prohibits employers from terminating an employee on the basis of his race. 42 U.S.C. § 2000e-2(a)(1). Hyundai is correct that, although Howard has alleged that he was "discriminated against because of [his] race," (Doc. 25 at 2), he has not alleged any direct evidence of race discrimination. *See, e.g.*, *Maynard v. Bd. of Regents*, 342 F.3d 1281, 1289 (11th Cir. 2003) ("Direct evidence is evidence, which if believed, proves the fact in issue without inference or presumption.") (internal quotation marks omitted). Where a plaintiff seeks to prove discrimination through circumstantial evidence, he must demonstrate that "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *Maynard*, 342 F.3d at 1289.

The court finds that Howard's factual allegations, accepted as true and in the light most favorable to him, establish a *prima facie* case of disparate treatment under Title VII. First, Howard has adequately alleged that he is a member of a protected class despite not explicitly identifying his race in either the complaint or amended complaint. Instead, in his response to Hyundai's motion to dismiss, Howard maintains that his identification of his coworkers "as white males giv[es] a clear indication that the plaintiff is nonwhite (black)." Doc. 31 at 1. In recognition of this inference, Hyundai no longer contests that Howard has appropriately alleged his membership in a protected class. Doc. 32 at 3. In light of his *pro se* status, the court finds that it is reasonable to infer that Howard is a member of a protected class based on the fact that he has brought an employment

discrimination claim focusing on a similarly situated white employee (Durham) who was treated differently. Similarly, Howard's allegations that he was previously employed by Hyundai and terminated due to his race lead to the reasonable inference that Howard was qualified for his position with Hyundai and would not have been fired if not for his race—another point Hyundai does not to contest. Doc. 28 at 5. Additionally, Howard has alleged that he was terminated, satisfying his burden to demonstrate an adverse employment action. *See* Doc. 25 at 2.

Hyundai maintains that Howard has failed to "include sufficient factual allegations as to the existence of a similarly situated comparator," the fourth and final element of a circumstantial Title VII claim. "To show that employees are similarly situated, the plaintiff must show that the 'employees are similarly situated in all relevant respects.'" *Knight v. Baptist Hosp. of Miami*, 330 F.3d 1313, 1316 (11th Cir. 2003) (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)). "'In determining whether employees are similarly situated . . . it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways.'" *Id.* (quoting *Holifield*, 115 F.3d at 1561–62 (11th Cir. 1997). Here, Howard's allegations are sufficient. Howard's complaint alleges that he and a white coworker, Durham, engaged in a verbal altercation. Doc. 25 at 1. Just two days later, Howard learned that he was terminated while Durham's employment continued. Doc. 25 at 1–2. Thus, construing Howard's *pro se* complaint liberally and drawing all reasonable inferences in his favor, the court concludes that Howard has identified a similarly situated individual outside his protected class who was treated more favorably after engaging in the same altercation. Therefore, Howard has

pleaded a plausible *prima facie* case for employment discrimination under Title VII of the Civil Rights Act of 1964.

### IV. CONCLUSION

For the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Hyundai's Motion to Dismiss Amended Complaint (Doc. 28) be DENIED. It is further ORDERED that the parties shall file any objections to this recommendation **on or before November 17, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's recommendation to which an objection is being asserted. Frivolous, conclusive, or general objections will not be considered by the district court. The parties are advised that this report and recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the district court of issues addressed in the report and recommendation, and shall bar the party from attacking on appeal factual findings in the report and recommendation that are accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 3rd day of November, 2016.

                                                  /s/ Gray M. Borden
                                     UNITED STATES MAGISTRATE JUDGE