IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PONCE D. HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-230-WKW |
| | ) | [WO] |
| HYUNDAI MOTOR | ) | |
| MANUFACTURING ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

On July 18, 2017, the Magistrate Judge filed a Recommendation (Doc. # 73) to which Plaintiff timely objected (Doc. # 75). Upon an independent and *de novo* review of the record and Recommendation, Plaintiff's objections are due to be overruled, and the Magistrate Judge's Recommendation is due to be adopted.

Plaintiff objects to the Recommendation on numerous grounds, but none of the objections has merit.

First, Plaintiff argues that the Magistrate Judge erred "by not focusing on the overwhelming evidence that Denham has a history of harassing HMMA team members and HMMA not responding to the harass[ment]." (Doc. # 75, at 1.) But the Recommendation addressed this by discussing the previous disciplinary action

against Denham, and Howard did not present any evidence of other past misbehavior for which a formal complaint was filed but no action was taken against Denham.

Second, Plaintiff claims that the Recommendation "weighed the evidence in a manner unfavorable to [him]" and made improper credibility determinations. (*See* Doc. # 75, at 2–3.) Again, the Recommendation did no such thing. It merely examined the facts in the light most favorable to Plaintiff and concluded that they could not support a *prima facie* claim for employment discrimination or a showing of "discriminatory motive." (Doc. # 73, at 24, 27.)

Third, Plaintiff contends that the Recommendation erroneously found that Defendant's objections to portions of Plaintiff's declarations were due to be sustained. This finding, Plaintiff argues, was made on the basis that the declarations were "self-serving." (Doc. # 75, at 3.) To the contrary, the Recommendation found that some of the relevant statements had no basis in personal knowledge, some were overly vague, and others were too conclusory. It was on those grounds that the Recommendation found that Defendant's objections were due to be sustained. (Doc. #73, at 14–17).

Finally, to the extent Plaintiff objects on other grounds, those grounds are without merit.

Accordingly, it is ORDERED as follows:

1. The Magistrate Judge's Recommendation (Doc. # 73) is ADOPTED;

2. Plaintiff's objections (Doc. # 75) are OVERRULED;

3. Defendant's Motion for Leave to Supplement its Evidentiary Submission (Doc. # 61) is GRANTED;

4. Defendant's Motion to Strike (Doc. # 62) is DENIED, but to the extent it contains an objection, it is SUSTAINED in part and OVERRULED in part (*see* Doc. # 73, at 14–17);

5. Defendant's Motion for Summary Judgment (Doc. # 51) is GRANTED;

A final judgment will be entered separately.

DONE this 16th day of August, 2017.

                                      /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE